_____

No. 96-1932WM
_____

James C. Budd,                          *
                                        *
          Appellant,                    *  On Appeal from the United
                                        *  States District Court
     v.                                 *  for the Western District
                                        *  of Missouri
                                        *
ADT Security Systems, Inc.,             *  [To Be Published]
                                        *
          Appellee.                     *

_____

Submitted:  November 18, 1996

Filed:  December 31, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and
     LONGSTAFF,* District Judge.
_____

PER CURIAM.


     This is an action under the Americans With Disabilities Act,
42 U.S.C. § 12101 et seq.  The plaintiff, James C. Budd, claims
that the defendant, his former employer, ADT Security Systems,
Inc., has violated the Act by refusing to allow plaintiff to return
to his former job as a system-service technician installing alarm
systems.  The District Court[1] held, on defendant's motion for
summary judgment, that plaintiff was estopped to claim that he

_____

     *The Hon. Ronald E. Longstaff, United States District Judge
for the Southern District of Iowa, sitting by designation.

     [1]The Hon. Fernando J. Gaitan, Jr., United States District
Judge for the Western District of Missouri.

could perform the job in question, with or without reasonable accommodation, and that, in any case, plaintiff's evidence did not create a genuine issue of material fact with respect to his being qualified to perform the job. We agree and affirm.

The able opinion of the District Court thoroughly lays out the facts and discusses the law. We have little to add. It is sufficient to say that the plaintiff, in applying for social-security and disability-insurance benefits, both of which were granted, and both of which he is still, apparently, drawing, made representations about his own physical abilities that are completely at odds with the theory of his lawsuit. He clearly represented that he was not able to return to his former job, and he is, in effect, making this representation continuously, because he is drawing the benefits that were granted in reliance upon it. Moreover, even apart from any estoppel theory, it is clear as a matter of law on this record that plaintiff is not able to perform the essential functions of his former job, which was very strenuous, with or without any reasonable accommodation. The fact that the defendant has offered plaintiff other jobs, which he has turned down, does nothing but strengthen the defendant's case.

The present appeal does not present any question sufficiently novel to justify more extended treatment. See Beauford v. Father Flanagan's Boys' Home, 831 F.2d 768 (8th Cir. 1987), cert. denied, 485 U.S. 938 (1988).

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.